UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GERALD GAINES,                                          :
                                                        :      **OPINION AND ORDER**
                         Plaintiff,                     :
                                                        :      14 Civ. 6403 (ER)
         -against-                                      :
                                                        :
CITY OF NEW YORK, and CAPTAIN                           :
CHEMENE MCLEOD-QUINONES,                                :
                                                        :
                         Defendants.                    :
-------------------------------------------------------------x

Ramos, D.J.:

      Gerald Gaines ("Plaintiff"), acting *pro se*, brings the instant action against the City of New York and Captain Chemene Mcleod-Quinones ("Mcleod-Quinones," and collectively "Defendants"), pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising from a disciplinary hearing held in absentia, which resulted in his segregated confinement. Before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' motion is GRANTED and plaintiff will be given an opportunity to file an Amended Complaint.

**I.**    **Background[1]**

      On April 12, 2014, while in custody at the Manhattan Detention Complex, Plaintiff contends that he was the subject of a disciplinary hearing conducted by Defendant Mcleod-Quinones. Am. Compl. at §§ II.C, D. Plaintiff alleges that he never received notice of the hearing and thus, did not attend or call any witnesses. *Id*. at § II.D. As a result of the hearing, Plaintiff was subjected to six days in punitive segregation. *Id.* at § III. While in segregation,

---

[1] The facts are based on the allegations in the Amended Complaint, Doc. 20, which the Court accepts as true for purposes of the instant motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

Plaintiff was deprived of his phone privileges and his commissary.[2]  *Id*.  Plaintiff alleges that holding the disciplinary hearing in his absence violated his rights under the Fourteenth Amendment and his subsequent segregation violated his right to be free from cruel and unusual punishment under the Eighth Amendment.  *Id*. at § II.D, III.

Plaintiff commenced this action on August 4, 2014.  Doc. 1.  On May 23, 2015, Plaintiff filed an Amended Complaint.  Doc. 20.  At a conference held before this Court on May 27, 2015, the Court granted Defendants' request for leave to file a motion to dismiss.  Docs. 24, 25.  On June 10, 2015, Defendants filed the instant motion.  Doc. 26.  Defendants notified the Court on August 24, 2015, that Plaintiff had not responded to the motion by August 10, 2015, as directed by the Court.  Docs. 24, 29.  On February 12, 2016, Defendants requested that the Court treat the motion as unopposed.  Doc. 31.  As of the date of this Opinion, Plaintiff has not responded to the motion to dismiss, nor has he communicated with the Court in any manner.

## II.  Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all of the factual allegations from the complaint, and draw all reasonable inferences in the plaintiff's favor.  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).  However, this requirement does not apply to legal conclusions, bare assertions, or conclusory statements.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must adhere to Rule 8(a), which has been interpreted to require that it contain enough factual matter for the claim to be plausible on its face.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[2] It is unclear in Plaintiff's complaint whether the referred to commissary were commissary privileges or items. Plaintiff states in his Amended Complaint that Defendant "confiscated his commissary" and "never returned it." Am. Compl. at § III.

2

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] Complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The same standard applies to motions to dismiss *pro se* complaints. *See Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010). However, the Court is also obligated to construe a *pro se* complaint liberally and to interpret a *pro se* plaintiff's claims as raising the strongest arguments that they suggest. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). "However, even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson*, 709 F. Supp. at 224 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A complaint that "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks and brackets omitted); *see also Triestman*, 470 F.3d at 477 ("[P]ro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III. Discussion

#### a. Fourteenth Amendment – Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property . . . A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556-58 (1974)). In evaluating a procedural due process claim, the court must determine (1) whether Plaintiff was deprived of a constitutionally protected interest by government action, and (2) whether the State's procedures in depriving that interest comported with due process. *See Wilkinson*, 545 U.S. at 221. Only after finding the deprivation of a protected interest does a Court evaluate whether the State's procedures comported with due process. *See id.* ("We need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest,"); *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 510 (S.D.N.Y. 2012) (quoting *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir.2001) ("In evaluating due process claims, the threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution.") (citation and quotation marks omitted)). Here, Defendants contend that Plaintiff's constitutionally protected interests were not violated and, alternatively, even if they were, Plaintiff failed to utilize the adequate post-deprivation remedies available. Defs.' Mem. at 6.

In the prison context, the Supreme Court has recognized that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause . . . [T]hese interests will be generally limited to freedom from restraint which . . . imposes atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." [3] *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996) ("To prevail, [the plaintiff] must establish both that the confinement or restraint creates an 'atypical and significant hardship' under *Sandin,* and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint."). "In determining whether an inmate has endured atypical and significant hardship pursuant to a disciplinary proceeding, the Second Circuit instructs courts to consider both the duration and conditions of the confinement." *Vogelfang*, 889 F. Supp. 2d at 510 (citing *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) ("Factors relevant to determining whether inmate endured atypical hardship include the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions and the duration of the disciplinary segregation imposed compared to discretionary confinement.") (internal quotation marks and citation omitted)).

Here, Plaintiff alleges he was subject to disciplinary segregation for six days, which is significantly less than the amount of time courts have found to implicate a liberty interest under *Sandin*. While "[t]he Second Circuit has not provided a bright-line rule as to what period of time in segregated confinement implicates a prisoner's constitutional rights," the case law suggests certain "guideposts[:]"

> Punitive confinement for 101 days or fewer, under typical punitive segregation conditions, generally do[es] not constitute 'atypical' conditions of confinement. By contrast, 305 days or more of confinement has been found to be atypical and a significant hardship. However, even if an inmate is held in segregated confinement for fewer than 101 days, a violation of his or her

---

[3] The Supreme Court has recognized that "[i]n *Sandin's* wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system" and "the difficulty of locating the appropriate baseline." *Wilkinson*, 545 U.S. at 223.

>liberty interest may be implicated if the conditions were more severe than the normal [punitive segregation] conditions . . . or a more fully developed record showed that even relatively brief confinements under normal conditions were, in fact, atypical.

*Vogelfang*, 889 F. Supp. 2d at 510-11 (internal quotation marks and citation omitted); *Bunting v. Nagy*, 452 F. Supp. 2d 447, 456 (S.D.N.Y. 2006) (describing that "'normal' SHU conditions…imposed for a period of up to 101 days, generally do not constitute 'atypical' conditions of confinement.") (internal citations and quotations omitted)).

In *Vogelfang*, the court applied these "guideposts" and found that three months confinement in the SHU as a result of one disciplinary hearing found to be defective, and sixty days of keeplock confinement after another hearing, also found to be defective, "failed to demonstrate a liberty interest entitling [the plaintiff] to due process." *Vogelfang*, 889 F. Supp. 2d at 511.[4] The court held that thirty days or sixty days confinement "is insufficient as a matter of law to trigger due process protections" "[a]bsent additional particularized allegations regarding the harshness of the confinement—which plaintiff does not adduce[.]" *Id.*; *see also Hunnicutt v. Kitt*, 10 Civ. 857 (CSH), 2012 WL 1247268, at *5 (D. Conn. Apr. 13, 2012) (stating two separate disciplinary charges of fifteen days confinement in punitive segregation and ninety days loss of phone and commissary each do not implicate a protected liberty interest); *Branch v. Goord*, 05 Civ. 6495 (WHP) (KNF), 2006 WL 2807168, at *4 (S.D.N.Y. Sept. 28, 2006) ("Plaintiff's privileges were withheld during confinement, but lost privileges do not constitute an atypical and significant hardship because they are 'within the expected parameters of the sentence imposed by a court of law.'"); *Sales v. Barizone*, 03 Civ. 6691 (RJH), 2004 WL 2781752, at *7 (S.D.N.Y. Dec. 2, 2004) (noting two months' confinement in the SHU cannot

---

[4] "The defects alleged in those proceedings include[d] [the plaintiff's] removal from the proceedings, limitations placed on her ability to call witnesses, insufficient notice of a hearing, and the denial of a request to use an assistant." *Vogelfang*, 889 F. Supp. 2d at 510.

survive the *Sandin* test absent further allegations); *Williams v. Goord*, 111 F. Supp. 2d 280, 289 (S.D.N.Y. 2000) (stating seventy-five days in solitary confinement "generally does not impose 'atypical and significant hardship' because it remains within the normal range of prison custody.").

Plaintiff, here, does not allege any facts regarding the conditions of his confinement to suggest that it imposed "atypical and significant hardship." Accordingly, Plaintiff has not sufficiently alleged the existence of a liberty interest entitling him to due process and Defendants' motion to dismiss is granted.[5] However, because the Second Circuit has "consistently reminded the district courts that [i]n order to determine whether a liberty interest has been affected, district courts are required to examine the circumstances of a confinement and to identify with specificity the facts upon which [their] conclusion[s][are] based," *Kalwasinski v. Morse*, 201 F.3d 103, 106 (2d Cir. 1999) (internal citations and quotations omitted), Plaintiff will be provided the opportunity to amend his complaint in order to allege the conditions of his confinement. Plaintiff "should state in his amended complaint the conditions of his confinement as compared with the confinement of others in the general population…" *Dawkins v. Gonyea*, 646 F. Supp. 2d. 594, 607 (S.D.N.Y. 2009). "These conditions may include the percentage of

---

[5] While Plaintiff alleges, and Defendants do not dispute, that he was not provided notice of the disciplinary hearing, and thus he did not attend or call witnesses at the disciplinary hearing in violation of the Department of Corrections own directives and the Supreme Court's holding in *Wolff v. McDonnel*, 418 U.S. 539, 564-66 (1974), "after *Sandin,* a prisoner has no constitutional right to any procedural safeguards—regardless what state statutes or regulations provide—unless the deprivation complained of imposed an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Brooks v. DiFasi,* 112 F.3d 46, 48 (2d Cir.1997) (internal citations and quotations omitted); *Hunnicutt*, 2012 WL 1247268, at *5 ("On each disciplinary charge the plaintiff was sanctioned with fifteen days confinement in punitive segregation followed by ninety days loss of phone and commissary privileges . . . Thus, the sanctions do not constitute an atypical and significant hardship. In the absence of a liberty interest, Plaintiff's alleged violations of procedural requirements do not constitute cognizable due process claims."). Accordingly, the Court does not review Defendants' argument regarding post-deprivation remedies because, at this stage, it is unclear whether Plaintiff can sufficiently allege a liberty interest under *Sandin.*

the day that prisoners spend within the cell, hygienic conditions, access to programs, as well as other conditions that may be applicable to [Plaintiff's] situation." *Id.*[6]

### b. Eight Amendment – Cruel and Unusual Punishment

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97. "To prove a violation of the Eighth Amendment, an inmate must show (1) that the deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities,' and (2) that the defendant official possessed a 'sufficiently culpable state of mind' associated with 'the unnecessary and wanton infliction of pain.'" *Trammel v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."); *Fair v. Weiburg*, 02 Civ. 9218 (KMK), 2006 WL 2801999, at *5 (S.D.N.Y. Sept. 28, 2006) ("under the Eighth or Fourteenth Amendments, a prisoner must show that the prison official or state actor, acting with deliberate indifference to the prisoner's safety, subjected the prisoner to a sufficiently serious deprivation.").

Here, Plaintiff alleges his Eighth Amendment rights were violated when Defendants placed him in segregated confinement for six days, deprived him of phone privileges, and confiscated his commissary. Am. Compl. § III. However, "[n]ormal conditions of . . .

---

[6] To the extent that Plaintiff alleges a claim for deprivation of property resulting from Defendants' failure to return his commissary items, Am. Compl. at §III, this claim must fail because the state provides adequate post deprivation remedies to address his lost property. *See Kitt*, 2012 WL 1247268, at *10 ("Claims for deprivation of property, negligent or intentional, do not rise to the level of constitutional violations. The Supreme Court has found that the Due Process Clause is not violated where a prison inmate loses personal belongings due to the . . . intentional actions of correctional officers, if the state provides an adequate post-deprivation compensatory remedy. (citing *Hudson v. Palmer*, 468 U.S. 517, 531 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981)); *Balabin v. Scully*, 606 F. Supp. 176, 182 (S.D.N.Y. 1985) ("adequate state post deprivation proceedings exist in the form of Directive 2733, which provides for claims by prisoners for lost property; Article 78 of the New York Civil Practice Law and Rules; and tort claims for conversion or negligence against the officials or state . . . .").

confinement do not constitute an Eighth Amendment violation" and "[s]uch confinement is not abnormal unless it is 'without penological justification, grossly disproportionate, or involving the unnecessary and wanton infliction of pain.'" *Branch*, 2006 WL 2807168, at *5 (quoting *Smith v. Coughlin,* 748 F.2d 783, 787 (2d Cir. 1984)); *see also Fair*, 2006 WL 2801999, at *7 (quoting *Blackshear v. Coughlin*, 93-CV-971(CGG), 1996 U.S. Dist. LEXIS 22081, at *7 (N.D.N.Y. Jan. 18, 1996) ("[p]risoners do not have an absolute right to make phone calls.")). As stated *supra*, Plaintiff has not alleged any conditions of his confinement, nor does he allege the culpability of the prison officials required to establish an Eighth Amendment violation. Accordingly, Defendants' motion to dismiss is granted. However, for the same reasons previously discussed, Plaintiff will be provided an opportunity to amend his complaint.

## IV. Conclusion

For the reasons stated above, Defendants' motion to dismiss Plaintiff's Section 1983 claims is GRANTED. Plaintiff's Second Amended Complaint shall be filed, if at all, on or before April 15, 2016. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 26, and to mail a copy of this Opinion and Order to Plaintiff.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

It is SO ORDERED.

Dated:   March 9, 2016
         New York, New York

                                                              _____
                                                              Edgardo Ramos, U.S.D.J.